IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015


**FREDERICK L. MOORE v. STATE OF TENNESSEE**


**Appeal from the Circuit Court for Madison County**
**No. C-14-174      Roy B. Morgan, Jr., Judge**

_____


**No. W2015-00626-CCA-R3-ECN  -  Filed November 6, 2015**

_____


Frederick L. Moore ("the Petitioner") filed his second petition for writ of error coram nobis, presenting "newly discovered evidence" in the form of expert testimony regarding cell phone towers accessed by the Petitioner's cell phone at the time of the offense. The coram nobis court denied relief without a hearing, finding that the Petitioner's claim was time-barred, that the evidence was not newly discovered, and that it was not the type of evidence which might have produced a different result at trial. Upon review, we affirm the judgment of the coram nobis court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Frederick L. Moore, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark Thornton, Senior Counsel; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

**Factual and Procedural Background**

The Petitioner was convicted of first degree premeditated murder, first degree felony murder, aggravated kidnapping, and two counts of tampering with evidence. State v. Frederick Lamont Moore, No. W2009-01266-CCA-R3-CD, 2011 WL 856379, at *1

(Tenn. Crim. App. Mar. 9, 2011), perm. app. denied (Tenn. July 14, 2011). The trial court merged the Petitioner's murder convictions and imposed an effective sentence of life plus twenty years. Id. At trial, representatives from Verizon Wireless and AT&T Wireless testified that the Petitioner's cell phones[1] placed and received calls between 12:30 a.m. and 2:30 a.m. on December 9, 2007, around the time that the victim was killed and her body disposed of. Id. at *7-8. Those calls were routed through cell phone towers located near Jackson, Pison, and Turk Creek, in Madison County, Tennessee—the areas from where the victim disappeared and where her body was found. Id. The Petitioner also received two text messages at 10:08 a.m. on December 9, 2007, which were routed through a cell phone tower in Memphis, Tennessee. Id. at *8. The Petitioner's step-brother, Terrance Morrow, testified that the Petitioner arrived in Memphis between 11:30 p.m. on December 8, 2007, and 12:30 a.m. on December 9, 2007. Id. at *9. Mr. Morrow was not with the Petitioner the entire night, but the Petitioner was asleep on Mr. Morrow's couch when Mr. Morrow returned to his apartment at 4:00 or 4:30 a.m. on December 9, 2007. When Mr. Morrow awoke between 10:00 a.m. and 11:00 a.m. on December 9, 2007, the Petitioner had already left to return to Jackson, Tennessee. Id. In rebuttal proof, a representative from AT&T wireless testified that the Petitioner's cell phones would not have accessed the towers they did if the Petitioner had been in Memphis at the times the calls were made. Id. The Petitioner's convictions were affirmed on direct appeal. Id. at *11.

The Petitioner subsequently filed an unsuccessful petition for post-conviction relief alleging ineffective assistance of counsel, and this court affirmed the denial of the petition on appeal. Frederick Moore v. State, No. W2012-02189-CCA-R3-PC, 2013 WL 6001928, at *7 (Tenn. Crim. App. Nov. 6, 2013), perm. app. denied (Tenn. Mar. 5, 2014).[2] The Petitioner then filed a petition for writ of habeas corpus, which was denied. Frederick Moore v. Mike Parris, No. W2014-02128-CCA-R3-HC, 2015 WL 1454356, at *1 (Tenn. Crim. App. Mar. 27, 2015). This court affirmed the habeas corpus court's denial on appeal. Id. at *3. Next, the Petitioner filed his first petition for writ of error coram nobis, alleging that he had newly discovered evidence which consisted of photographs of the outside the victim's residence, photographs of the outside of the victim's neighbor's residence, and "measurements of the area." Frederick Moore v. State, No. W2014-01740-CCA-R3-ECN, 2015 WL 1647961, at *1 (Tenn. Crim. App. Apr. 9, 2015). The petition for writ of error coram nobis was denied, and this court affirmed the denial in a memorandum opinion on appeal. Id. at *3.

---

[1] The Petitioner had two cell phones in his possession on the date of the offense.

[2] In September 2014, the Petitioner filed a motion to reopen his post-conviction proceedings, which the post-conviction court denied. This court denied the Petitioner's application for permission to appeal. Frederick Moore v. State, No. W2014-01828-CCA-R28-PC, Order p. 2 (Tenn. Crim. App. Nov. 26, 2014).

In the instant proceeding, the Petitioner filed a second Petition for Writ of Error Coram Nobis ("the Petition"), which presented "newly discovered evidence" in the form of an affidavit from an expert regarding the Petitioner's location at the time of the offense based on the cell phone towers the Petitioner's phones accessed at that time. After reviewing the trial transcript, the call records, and exhibits presented at trial, the Petitioner's expert concluded "that the phones did not at any time have activity on any cell tower sector that would have covered the location where the body was found." Instead, the expert explained that the cell phone evidence suggested that the Petitioner was travelling in the southern part of Jackson, Tennessee at the relevant times, and was not near the area where the victim's body was found. Additionally, the Petitioner included the expert's curriculum vitae ("CV"), which showed that he had testified as an expert witness in cases as early as 2005. In its response, the State argued that the Petition was time-barred and that the evidence did not constitute newly discovered evidence because the Petitioner could have called his own expert to testify at trial but chose not to do so. Further, the State noted that the Petitioner's "newly discovered" expert testimony only served to impeach the Petitioner's alibi defense that he was in Memphis at the time of the offense.

The coram nobis court denied the Petition without a hearing, finding that the claim was time-barred. Additionally, the coram nobis court found that the Petitioner's evidence was not newly discovered and it did not warrant a hearing because it was "at best only contradictory to the State's proof" and would impeach the Petitioner's own alibi testimony. As such, the coram nobis court found "that there is not a reasonable basis to conclude that [the] newly discovered evidence was credible, relevant evidence of the kind and quality that might have produced a different result." This timely appeal followed.

## Analysis

On appeal, the Petitioner argues that he is entitled to due process tolling of his untimely Petition for Writ of Error Coram Nobis.[3] He also challenges the validity of his indictment, arguing that he was denied due process when he was not afforded a second preliminary hearing after the State brought a superseding indictment.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn.

---

[3] At the same time the Petitioner filed his second Petition for Writ of Error Coram Nobis, he also filed a second motion to reopen his post-conviction proceedings. It appears that the motion was denied, and the Petitioner appealed that decision in case number W2015-00711-CCA-R3-PC. The Petitioner moved this court to consolidate the instant appeal with the appeal in case number W2015-00711-CCA-R3-PC. In an order entered on July 17, 2015, this court denied the Petitioner's motion to consolidate appeals and also dismissed his appeal in case number W2015-00711-CCA-R3-PC.

1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that coram nobis relief is available in criminal cases as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

"[I]n a coram nobis proceeding, the trial judge must first consider the newly discovered evidence and be 'reasonably well satisfied' with its veracity. If the defendant is 'without fault' in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence *may have* led to a different result." State v. Vasques, 221 S.W.3d 514, 527 (Tenn. 2007) (emphasis in original). In determining whether the new information may have led to a different result, the question before the court is "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the results of the proceedings might have been different." Id. (quoting State v. Roberto Vasques, No. M2004-00166-CCA-R3-CD, 2005 WL 2477530, at *13 (Tenn. Crim. App. Oct. 7, 2005)). "[A]s a general rule, newly discovered evidence which is merely cumulative or 'serves no other purpose than to contradict or impeach' does not warrant the issuance of a writ." Wlodarz v. State, 361 S.W.3d 490, 499 (Tenn. 2012) (quoting State v. Hart, 911 S.W.3d 371, 375 (Tenn. Crim. App. 1995)). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. Vasques, 221 S.W.3d at 527-28.

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103 (2014); Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010). "The statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." Harris, 301 S.W.3d at 144 (citing Mixon, 983 S.W.2d at 670). Calculating the statute of limitations in this manner is consistent with the "longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." Mixon, 983 S.W.2d at 670; Harris, 301 S.W.3d at 144.

In certain circumstances, due process considerations may require tolling the statute of limitations.  Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001).  To determine whether due process requires tolling, we must balance the State's interest in preventing "stale and groundless" claims against the petitioner's interest in having a hearing to present newly discovered evidence which may have led the jury to a different verdict if it had been presented at trial.  Id. at 103.  To balance these interests, courts should use a three-step analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995); see also Harris, 301 S.W.3d at 145.  The State bears the burden of raising the statute of limitations as an affirmative defense.  Harris, 301 S.W.3d at 144.  Whether a claim is time-barred is a question of law, which we review de novo.  Id. (citing Brown v. Erachem Comilog, Inc., 231 S.W.3d 918, 921 (Tenn. 2007)).

In this case, the Petitioner's judgments of conviction were entered on February 9, 2009, and arguments in his direct appeal were heard by this court on September 14, 2010.  Therefore, the latest date the statute of limitations began to run was some time in 2010, and it would have expired in 2011.  The Petition, which was filed on March 13, 2015, was filed outside of the statute of limitations.

Additionally, due process considerations do not require tolling the statute of limitations.  In order for tolling to be appropriate, the grounds for relief must have "actually ar[isen] after the limitations period would normally have commenced."  Harris, 301 S.W.3d at 145.  The evidence presented in the Petition is not "newly discovered evidence" because the expert's CV indicates that he was available to testify as early as 2005, and the Petitioner failed to explain why he did not call the expert witness to testify at trial in response to the State's expert.  Accordingly, the evidence presented as grounds for relief did not actually arise after the limitations period commenced, and the Petitioner is not entitled to due process tolling of the statute of limitations.

Further, it is clear that the Petitioner's claim would also fail on its merits.  The Petitioner's expert testimony would only serve to contradict the State's own expert or to impeach the Defendant's alibi that he was in Memphis at the time of the offense.  As a general rule, evidence which only serves to contradict or impeach the evidence presented at trial will not warrant the issuance of a writ of error coram nobis.  Wlodarz, 361 S.W.3d

- 5 -

at 499. Therefore, the coram nobis court properly found that "there [was] not a reasonable basis to conclude that newly discovered evidence was credible, relevant evidence of the kind and quality that might have produced a different result."

The Petitioner also raises a challenge to the validity of his indictment. We note that the Petitioner did not assert this claim in the Petition in this proceeding, and as such has waived our consideration of the issue on appeal. See, e.g., Jerome F. Sawyers v. State, No. M2008-02390-CCA-R3-PC, 2009 WL 1684607, at *1 (Tenn. Crim. App. June 17, 2009). Additionally, this is not a proper coram nobis claim. Tenn. Code Ann. § 40-26-105(b) ("relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding"). Finally, the Petitioner raised an identical claim in his petition for writ of habeas corpus, and this court determined that it had no merit. Frederick Moore, 2015 WL 1454356, at *2.

## Conclusion

For the aforementioned reasons, the judgment of the coram nobis court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 6 -